# Exhibit

A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ROCKLAND
-----------------------------------------------------------------X
PAIGE DiFRANCESCO,

                    Plaintiff/Petitioner,

      - against -                       Index No. 037222/2018
RICHGOLD ASSOCIATES, WAL-MART STORES
EAST, LP, and JOHN DOE CONTRACTING ENTITY (1-3),
                 Defendant/Respondent.
-----------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: December 11, 2018

MARC I. KISSEL
      Name

One Executive Boulevard, Suite 202
            Address

SCHULMAN & KISSEL, P.C.
      Firm Name

Suffern NY 10901

(845) 368-0104 xt. 234
            Phone

mkissel@suffernlaw.com
            E-Mail

To:    Richgold Associates

       140 Linden Drive

       Kensington CT 06037

       Wal-Mart Stores East, L.P.
       111 Eighth Avenue
       New York NY 10011

John Doe Contracting Entity (1-3)
Unknown to plaintiff at this time
New York, or New Jersey

6/6/18

Index  #                   Page 2 of 2                   EFM-1

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM

NYSCEF DOC. NO. 1

INDEX NO. 037222/2018

RECEIVED NYSCEF: 12/07/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

Index No. 037222/2018

PAIGE DiFRANCESCO,

Date of Filing: 12/7/2018

    Plaintiff,

Plaintiff designates
Rockland County as place of trial

*-against-*

The basis of the venue is:

RICHGOLD ASSOCIATES, WAL-MART STORES
EAST, LP, and JOHN DOE CONTRACTING
ENTITY (1-3),

Plaintiff's domicile; and location of
injury

    Defendants.

*SUMMONS*

Plaintiff resides at:
32 Fawn Hill Drive
Airmont NY 10952
County of Rockland

To the above-named defendants:

    *YOU ARE SUMMONED* to answer the complaint in this action and to serve a copy of
your answer on plaintiff's attorney within 20 days after the service of this summons, exclusive of
the date of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Suffern, New York
    December 6, 2018

Marc I. Kissel, Esq.
**Schulman & Kissel, P.C.**
Attorney for Plaintiff
One Executive Boulevard, Suite 202
Suffern NY 10901-4157
(845) 368-0104 x234
(845) 368-0168 Facsimile
E-mail: mkissel@suffernlaw.com

Defendant(s)' Address:

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM

NYSCEF DOC. NO. 1

INDEX NO. 037222/2018

RECEIVED NYSCEF: 12/07/2018

Richgold Associates
140 Linden Drive
Kensington CT 6037

Wal-Mart Stores East, L.P.
111 Eighth Avenue
New York NY 10011

John Doe Contracting Entity (1-3)
Unknown to plaintiff at this time
New York, or New Jersey

2

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM   INDEX NO. 037222/2018

NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 12/07/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

Index No.  037222/2018

**PAIGE DiFRANCESCO,**

   Plaintiff,         ***VERIFIED COMPLAINT***

  *-against-*

**RICHGOLD ASSOCIATES, WAL-MART STORES
EAST, LP, and JOHN DOE CONTRACTING
ENTITY (1-3),**

   Defendants.

Plaintiff, through her attorney, Marc I. Kissel, of SCHULMAN & KISSEL, P.C.,
complaining of defendants, alleges as follows:

  1.  At all times relevant the plaintiff was and still is a resident of the County of Rockland,
State of New York.

  2.  Upon information and belief, at all times relevant, Defendant Richgold Associates,
was and is foreign limited partnership, organized and existing under the laws of the State of
Connecticut, authorized and doing business in, among other places, New York ("Richgold").

  3.  Upon information and belief, at all times relevant, Wal-Mart Stores East, LP was and
is a foreign limited partnership organized and existing under the laws of the State of Delaware,
authorized and doing business in, among other places, New York. ("Wal-Mart").

  4.  John Doe Contracting Entity (1-3) is the fictitious name(s) of the persons or entities,
other than the above-named defendants, who, jointly or severally, caused or contributed to the

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM
NYSCEF DOC. NO. 1

INDEX NO. 037222/2018
RECEIVED NYSCEF: 12/07/2018

condition(s) complained of in the matter, such persons or entities being unknown to plaintiff at this time. Upon information and belief, and subject to further discovery, the contracting agencies are New York or New Jersey entities.

5. Upon information and belief, at all times relevant, Richgold owned a parcel of land together with commercial improvements, including the parking lots servicing the commercial enterprises located thereon at 250 RT 59, in the Village of Airmont, Town of Ramapo, County of Rockland, State of New York. ("Premises").

6. Upon information and belief, Wal-mart is one of Richgold's tenants at the Premises.

7. Upon information and belief, at all times relevant, either Richgold or Wal-Mart was in possession and control of the Premises public parking lot.

8. Upon information and belief, at all times relevant, either Richgold or Wal-Mart operated the Premises public parking lot.

9. Upon information and belief, at all times relevant, either Richgold or Wal-Mart managed the Premises public parking lot.

10. On information and belief, at all times relevant, either Richgold or Wal-Mart, was responsible for the maintenance of the Premises public parking lot.

11. Upon information and belief, John Doe Contracting Entity (1-3), or one of them, was retained by either Richgold or Wal-Mart to perform repair or maintenance services at the Premises parking lot.

2

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM
NYSCEF DOC. NO. 1

INDEX NO. 037222/2018
RECEIVED NYSCEF: 12/07/2018

12.  At all times relevant, the Premises parking lot was open to the public for use by shoppers, including pedestrians and motor vehicles.

13.  On or about February 7, 2017 at about 6:15 p.m., plaintiff Paige DiFrancesco was lawfully upon the Premises, particularly the parking lot, as a customer of the Shop Rite supermarket in the Premises shopping mall.

14.  At the above-mentioned time and place, plaintiff Paige DiFrancesco was walking towards her vehicle within the parking lot of the Premises when she tripped and fell as a result of the defendants' negligence, and she sustained severe personal injuries.

15.  The area where plaintiff fell was dangerous, unsafe, and defective.

16.  The area where plaintiff fell was degraded, eroded, unlevel, uneven, and a tripping hazard.

17.  The defendant's negligence consisted of, among other things: negligent maintenance and operation of the Premises; permitting the walking surface of the Premises to be and remain in a dangerous, unsafe and defective condition; failing to warn the members of the general public, and in particular the plaintiff Paige DiFrancesco of the dangerous and defective condition of the Premises; failing to correct the complained of condition; creating the dangerous condition; failing to maintain the Premises in a safe and clean condition; failing to train, maintain or retain adequate, sufficient and competent employees and independent contractors; allowing the area where plaintiff fell to become and remain a trap and a nuisance; allowing the asphalt area where plaintiff fell to degrade and erode; failing to exercise reasonable care for the safety of plaintiff

3

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM

NYSCEF DOC. NO. 1

INDEX NO. 037222/2018

RECEIVED NYSCEF: 12/07/2018

and others; and failing to correct a dangerous and unsafe condition which the defendant either caused, knew of, or in the exercise of reasonable care should have known existed.

18. Plaintiff's slip and fall and the resulting injuries were caused by defendants' negligence, with no contributing negligence by plaintiff.

19. Upon information and belief, defendants, or one or more of them, created the dangerous and defective condition.

20. Upon information and belief, the defendants, or one or more of them, had actual and/or constructive notice of the dangerous and defective condition.

21. As a result of the defendant's negligence and the resulting accident, plaintiff sustained severe, permanent and personal injuries, including injuries to her right leg and foot, which injuries required, among other things, surgery at the right knee, and she will continue to be sick, sore, lame and disabled, was and will be required to spend money for medical care and treatment, has lost and will continue to lose wages, has and will continue to suffer pain and loss of enjoyment of life, and she has been otherwise damaged.

22. By reason of the foregoing, the plaintiff Paige DiFrancesco has been damaged in an amount to be determined, which amount exceeds the jurisdictional limitations of all lower courts that might otherwise have jurisdiction.

4

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM
NYSCEF DOC. NO. 1

INDEX NO. 037222/2018
RECEIVED NYSCEF: 12/07/2018

WHEREFORE, plaintiff demands judgment against the defendants in an amount to be determined, which amount exceeds the jurisdictional limit of all lower courts, together with costs and disbursements on all causes of action and, such other and further relief as the Court may deem just and proper.

Dated: Suffern, New York
December 6, 2018

Marc I. Kissel, Esq.
**Schulman & Kissel, P.C.**
Attorney for Plaintiff
One Executive Boulevard, Suite 202
Suffern NY 10901-4157
(845) 368-0104 x234
(845) 368-0168 Facsimile
E-mail: mkissel@suffernlaw.com

5

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM

NYSCEF DOC. NO. 1

INDEX NO. 037222/2018

RECEIVED NYSCEF: 12/07/2018

## VERIFICATION

STATE OF NEW YORK )
                               ) SS:
COUNTY OF ROCKLAND )

       I, **Paige DiFrancesco**, being duly sworn depose and say that I am the plaintiff in this

action; I have read the attached complaint and know the contents thereof; the same is true to my

own knowledge, except as to the matters therein stated to be alleged on information and belief,

and as to those matters I believe it to be true.

_____
Paige DiFrancesco

Sworn to before me on
December 6, 2018

_____
Notary Public

ELISA CRABLE
Notary Public, State of New York
No. 01CR6121191
Qualified in Rockland County
Commission Expires January 10, 2021

FILED: ROCKLAND COUNTY CLERK 12/07/2018 04:53 PM
NYSCEF DOC. NO. 1

INDEX NO. 037222/2018
RECEIVED NYSCEF: 12/07/2018

SUPREME COURT OF THE STATE OF NEW YORK          Index No. 037222/2018
COUNTY OF ROCKLAND

PAIGE DiFRANCESCO,

    *Plaintiff,*

    — *against* —

RICHGOLD ASSOCIATES, WAL-MART STORES EAST, LP,
and JOHN DOE CONTRACTING ENTITY (1-3),

    *Defendant.*

## *SUMMONS AND VERIFIED COMPLAINT*

Schulman & Kissel, P.C.
Attorney for Plaintiff
One Executive Boulevard, Suite 202
Suffern, New York 10901
(845) 368-0104

WM 19-110 PC
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------X

PAIGE DIFRANCESCO,                                    Index No.: 037222/18

                              Plaintiff,

         -against-                                    **VERIFIED ANSWER**

RICHGOLD ASSOCIATES, WAL-MART STORES
EAST, LP, and JOHN DOE CONTRACTING
ENTITY (1-3),

                              Defendants.
------------------------------------------------------------------X

The defendants, WAL-MART STORES EAST, LP and RICHGOLD ASSOCIATES, by their attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein state upon information and belief:

FIRST: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

SECOND: Defendants deny the allegations set forth in paragraph marked "2", except admit that RICHGOLD ASSOCIATES is a foreign limited partnership registered to do business in the State of New York.

THIRD: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "4", and each and every part thereof.

FOURTH: Defendants deny the allegations set forth in paragraphs marked "7", "8", "9", and "10", except admit that WAL-MART STORES EAST, LP is responsible for the maintenance of the parking lot at 250 Route 59, Suffern, New York.

FIFTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "11", "12", and "13", and each and every part thereof.

SIXTH: Defendants deny the allegations set forth in paragraph marked "14", and each and every part thereof.

SEVENTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "15", and "16", and each and every part thereof.

EIGHTH: Defendants deny the allegations set forth in paragraphs marked "17", "18", "19", "20", and "21", and each and every part thereof.

NINTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "22", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section

1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH:  Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendants, WAL-MART STORES EAST, LP and RICHGOLD ASSOCIATES, request judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
January 22, 2019

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendants
WAL-MART STORES EAST, LP and
RICHGOLD ASSOCIATES

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 19-110 PC

TO:   SCHULMAN & KISSEL, P.C.
Attorneys for Plaintiff
One Executive Boulevard, Suite 202
Suffern, New York 10901
(845) 368-0104

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      January 22, 2019

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF SUFFOLK   )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 29 day of January, 2019, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

SCHULMAN & KISSEL, P.C.
Attorneys for Plaintiff
One Executive Boulevard, Suite 202
Suffern, New York 10901
(845) 368-0104

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
29 day of January, 2019.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OC6028808
Qualified in Suffolk County
My Commission Expires 06-06- 22

STATE OF NEW YORK, COUNTY OF                                              ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification**
certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Attorney**
say that I am the attorney of record, or of counsel with the attorney(s) of record, for
I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

The reason I make this affirmation instead of                                   is:

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

                                                                          _____
                                                                          (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF                                              ss:

                                                    being sworn says: I am

☐ **Individual Verification**
in the action herein: I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
the                                   of

☐ **Corporate Verification**
a corporation, one of the parties to the action, I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                                   , 20

_____                          _____
                                                                          (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF                                              ss:

                                                    being sworn says: I am not a party to the action, am over 18 years of
age and reside at
On                                   20     , I served a true copy of the annexed
in the following manner:

☐ **Service by Mail**
by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service**
by delivering the same personally to the persons at the address indicated below.

☐ **Service by Facsimile**
by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means**
by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding.

☐ **Overnight Delivery Service**
by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below.